[Cite as *In re B.D.A.*, 2011-Ohio-4317.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
~~www.cco.state.oh.us~~

IN RE: B. D. A.

TRACY L. ANDERSON

      Applicant

Case No. V2010-50710

Commissioners:
Susan G. Sheridan
E. Joel Wesp

ORDER OF A TWO
COMMISSIONER PANEL

{1}On March 23, 2010, the applicant, Tracy Anderson, filed a compensation application on behalf of B.D.A., a minor. On June 9, 2010, the Attorney General issued a finding of fact and decision denying the applicant's claim since tattoo removal is not an allowable expense under R.C. 2743.51(E) or 2743.51(F)(1). On June 29, 2010, the applicant submitted a request for reconsideration. The applicant contends a minor receiving a tattoo is an illegal act and its removal aids in the minor's remedial treatment and care. On August 12, 2010, the Attorney General rendered a Final Decision again denying the applicant's claim and asserting that B.D.A. was not a victim of criminally injurious conduct. The Attorney General reaffirmed its position that the cost of removal of a tattoo is not a compensable expense under the program. On August 24, 2010, the applicant filed a notice of appeal from the August 12, 2010 Final Decision of the Attorney General.

{2}On January 19, 2011, the Attorney General filed a brief. The Attorney General asserted the applicant failed to prove B.D.A. was tattooed in violation of R.C. 3730.02, and, accordingly was not a victim of criminally injurious conduct. R.C. 3730.02(A) prohibits a person from operating a tatooing business without approval from

the Board of Health. R.C. 3730.02(B) requires a tattoo artist to meet Ohio's applicable safety and sanitation standards, and R.C. 3730.02(C) requires that the tattoo artist's equipment meet Ohio's applicable equipment disinfection and sterilization standards. However, the applicant circumvented any investigation into these matters by informing local authorities that she did not wish to pursue criminal charges against the tattoo artist. Instead, the applicant sought a juvenile diversion program for B.D.A. Therefore, the applicant failed to prove whether any violation of R.C. 3730.02 occurred.

{3}The applicant also failed to prove that B.D.A. was tattooed in violation of R.C. 3730.06. R.C. 3730.06 in pertinent part states:

"(A) No person shall perform a tattooing procedure . . . on an individual who is under eighteen years of age unless consent has been given by the individual's parent, guardian, or custodian. . ."

{4}However, R.C. 3730.08 provides a tattoo artist with an affirmative defense to the requirements of R.C. 3730.06.

{5}R.C. 3730.08 in pertinent part states:

"(A) An operator or employee of a business that performs tattooing services * * * may not be found guilty of a violation of division (A) of section 3730.06 of the Revised Code or any rule adopted under section 3730.10 of the {6}Revised Code in which age is an element of the provisions of the rule, if the board of health or any court of record finds all of the following:

"(1) That the individual obtaining a tattooing service * * * at the time of so doing, exhibited to the operator or employee of the tattooing * * * business a driver's or commercial driver's license or an identification card issued under sections 4507.50 to 4507.52 of the Revised Code showing that the individual was then at least age eighteen;

"(2) That the operator or employee made a bona fide effort to ascertain the true age of the individual obtaining a tattooing * * * by checking the identification presented, at the time of the service, to ascertain that the description on the

identification compared with the appearance of the individual and that the identification had not been altered in any way;

"(3) That the operator or employee had reason to believe that the individual obtaining a tattooing * * * service was at least age eighteen."

{7}However, without a police investigation it cannot be established whether or not the affirmative defense would apply. The Attorney General contends that, even if it were established by a preponderance of the evidence that the tattoo artist's actions were in violation of R.C. 3730.02 and 3730.06, that conduct in and of itself does not constitute criminally injurious conduct since tattooing B.D.A.'s shoulder, with her consent, did not pose a substantial threat of personal injury or death.

{8}Furthermore, the Attorney General asserts that B.D.A. engaged in substantial contributory misconduct. The evidence shows that B.D.A. invited the artist to tattoo her shoulder and this conduct on her part substantially contributed to her receiving an "illegal" tattoo.

{9}Finally, tattoo removal is not an allowable expense pursuant to R.C. 2743.51(F)(1). Accordingly, the Attorney General asserts the applicant's claim should be denied and the Attorney General's Final Decision should be affirmed.

{10}On February 16, 2011 at 11:05 A.M., a hearing was held before Commissioners Ostry, Sheridan and Wesp. Assistant Attorney General Lauren Angell appeared on behalf of the state of Ohio. Neither the applicant nor B.D.A. was in attendance. The Attorney General rested on the brief and the hearing was concluded.

{11}On April 6, 2011, the court issued a notice informing the parties that pursuant to Rule 1.12(b) of the Rules of Professional Conduct, Commissioner Randi M. Ostry recused herself from the case at bar and requested the parties file written notification by May 6, 2011 as to whether they want the motion decided by the two remaining panel commissioners who sat at the hearing; or they wanted a randomly

selected third commissioner to review the case file and hearing and reach a decision together with the two sitting commissioners; or they want a rehearing of the matter.

{12}On April 28, 2011 and May 19, 2011, the applicant and the Attorney General respectively filed notices wishing to proceed with this matter based upon the decision of the two remaining panel of commissioners.

{13}R.C. 2743.51(C)(1) in pertinent part states:

"(C) 'Criminally injurious conduct' means one of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{14}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{15}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{16}From review of the case file and the Attorney General's brief, we find the applicant has failed to prove, by a preponderance of the evidence, that B.D.A. was a victim of criminally injurious conduct. The applicant has the burden of proof with regard to whether B.D.A. was a victim of criminally injurious conduct. However, by the applicant's actions of failing to pursue any criminal investigation against the alleged offender tattoo artist, she has failed to offer any evidence that B.D.A. was a victim of crime. Therefore, the Attorney General's August 12, 2010 decision is affirmed.

IT IS THEREFORE ORDERED THAT

{17}1)  The August 12, 2010 decision of the Attorney General is AFFIRMED;

{18}2)  This claim is DENIED and judgment is rendered for the state of Ohio;

{19}3)  Costs are assumed by the court of claims victims of crime fund.

_____
SUSAN G. SHERIDAN
Commissioner

_____
E. JOEL WESP
Commissioner

ID #I:\VICTIMS\2010\50710\V2010-50710 B.D.A..wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Mahoning County Prosecuting Attorney and to:

Filed 6-9-11
Jr. Vol. 2279, Pgs. 23-27
Sent to S.C. Reporter 8-26-11